UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL McCULLOUGH, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 3 05 0819 |
| KENNY BARNES, HOUSTON COUNTY SHERIFF, | ) Judge Trauger ) ) |
| Defendant. | ) ) |

## MEMORANDUM

### INTRODUCTION

The plaintiff, proceeding *pro se* and *in forma pauperis*, was a prisoner in the Houston County Jail in Erin, Tennessee when he submitted this complaint to the district court. The plaintiff brings this action under 42 U.S.C. § 1983 against: 1) Kenny Barnes, Sheriff of Houston County; 2) Stan Smith; 3) Rick Smith; 4) Wanda Smith.[1] The plaintiff seeks money damages only, alleging that the defendants violated his rights under the First and Eighth Amendments.

### BACKGROUND

The plaintiff asserts that he has back, neck and shoulder injuries, including a pinched nerve, that require long-term treatment. (Complaint, ¶ IV, p. 5) Although the plaintiff does not say in his complaint how he received these injuries, it appears from a copy of a grievance attached to the complaint that he injured himself in a slip-and-fall mishap in the Houston County Jail on April 16, 2004. (Complaint, Attach. Griev., dtd. Aug. 1, 2005, p. 2 of 2) The plaintiff avers that he has "been

---

[1] It cannot be determined from the complaint whether the plaintiff actually intended to name Stan, Rick, and Wanda Smith as defendants to this action. Although the plaintiff names them as defendants in one part of the complaint (Complaint, ¶ I.B.1, p. 1), in the style of the case and elsewhere (Complaint, ¶ III.B, p. 4), he lists Sheriff Barnes as the only defendant. Despite this ambiguity, the court liberally construes the complaint to sue Stan, Rick, and Wanda Smith in addition to Sheriff Barnes.

treated for [his injuries] at Hillcrest Clinic . . . on and off for well over a year."[2] (Complaint, ¶ IV, p. 5)

The plaintiff asserts that, on June 3 and July 26, 2005, officials of the Houston County Jail took him to the "Hillcrest Clinic" where he was examined and referred to a "pain clinic" in Clarksville for the long-term treatment of the aforementioned injuries. (Complaint, ¶ IV, pp. 5 & cont., pp. 1 of 2 & 2 of 2) The plaintiff asserts that Sheriff Barnes prevented him from receiving the recommended follow-on treatment in Clarksville, allegedly explaining to the plaintiff at least once that it was "to[o] expensive." (Complaint, ¶ IV, pp. 5 & cont., p. 1 of 2) The plaintiff asserts that, during the July 26 visit to the Hillcrest Clinic, the doctor scheduled him for a two-week followup visit. (Complaint, ¶ IV, cont., p. 1 of 2) Although not entirely clear, the court infers from a copy of another grievance attached to the complaint that the plaintiff is alleging that Sheriff Barnes cancelled the two-week follow-up appointment. (Complaint, Attach. Griev., dtd. Aug. 26, 2005)

Next, the plaintiff asserts that he was under treatment for "possible scheziphrenic/[b]ipolar [d]isorder" at the time he was incarcerated in the Houston County Jail. (Complaint, ¶ IV, cont., p. 2 of 2) The plaintiff further claims that he has "a nervous condition that causes severe panick attacks and anxiety attacks" which cause him to hyperventilate and pass out. (Complaint, ¶ IV, cont., p. 2 of 2) According to the plaintiff, his condition causes him to "fidget, scratch[] and claw[] . . . [his] face, neck, [and] arms, causing severe bodily injury." (Complaint, ¶ IV, cont., p. 2 of 2) The plaintiff maintains that, during his June 3, 2005 visit to the Hillcrest Clinic, the attending physician referred the plaintiff to a psychiatrist. (Complaint, ¶ IV, cont., p. 2 of 2) The plaintiff alleges that Sheriff Barnes denied him psychiatric treatment. (Complaint, ¶ IV, cont., p. 2 of 2)

In addition to the foregoing, the court liberally construes the complaint to allege that the

---

[2] Improper/unnecessary capitalization has been omitted for ease of reading.

2

defendants violated the plaintiff's rights by interfering with his access to the grievance procedure at the Houston County Jail. The plaintiff asserts generally that his grievances have been misplaced and/or that there is no record of them and that he was not permitted to file a grievance so long "as one [wa]s pending . . . ." (Complaint, Attach. Memo., p. 1 of 2)

## ANALYSIS

### Applicability of the Prison Litigation Reform Act (PLRA)

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). For the PLRA to apply to an action, the plaintiff must have been confined to a jail, prison, or other correctional facility at the time he brought his action, and his allegations must pertain to conditions of confinement. *See Cox v. Mayer*, 332 F.3d 422, 424 (6th Cir. 2003). The record shows that the plaintiff was incarcerated in the Houston County Jail at the time he brought this action, and that his allegations pertain to conditions of confinement in that facility. Therefore, even though the plaintiff no longer is in custody, this action is subject to the PLRA.

### Exhaustion

Under the PLRA, a prisoner is required to exhaust all available administrative remedies before filing a § 1983 action in district court. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 733 (2001); *Brown v. Toombs*, 139 F.3d 1102, 1103-04 (6th Cir. 1998). The exhaustion requirement of § 1997e(a) is "mandatory" and "prisoners must exhaust [available] grievance procedures before filing suit in federal court even though the . . . remedy sought is not an available remedy in the administrative process." *Wyatt v. Leonard*, 193 F.3d 876, 877-78 (6th Cir. 1999).

Before the district court may adjudicate any claim set forth in a prisoner's complaint, it must

3

determine that the plaintiff has complied with this exhaustion requirement. *Brown*, 139 F.3d at 1004. Not only is a prisoner-plaintiff required to exhaust as to each defendant, *Burton v. Jones*, 321 F.3d 569 (6th Cir. 2003); *Curry v. Scott*, 249 F.3d 493 (6th Cir. 2001); *Thomas v. Woolum*, 337 F.3d 720, 733 (6th Cir. 2003), he must show that he has exhausted every claim presented in his complaint, *Bey v. Johnson and Trierweiler*, 407 f.3d 801, 806 (6th Cir. 2005)(adopting the total exhaustion rule). If a prisoner fails to show that he has exhausted his administrative remedies, his complaint is subject to *sua sponte* dismissal. *Brown*, 139 F.3d at 1004.

To establish that he has exhausted his administrative remedies, a prisoner-plaintiff must show that he presented his grievance(s) "through one complete round" of the established grievance process. *Thomas*, 337 F.3d at 733. A prisoner does not exhaust available administrative remedies when he files a grievance but "d[oes] not appeal the denial of that complaint to the highest possible administrative level." *Wright v. Morris*, 111 F.3d 414, 417 n. 3 (6th Cir. 1997), *cert. denied*, 522 U.S. 906 (1997); *see also Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). Neither may a prisoner abandon the process before completion and then claim that he exhausted his remedies, or that it is now futile for him to do so. *See Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir.1999)(*citing Wright*, 111 F.3d at 417 n. 3).

The prisoner has the burden of demonstrating that he has exhausted his administrative remedies. *Brown*, 139 F.3d at 1004. To establish that he has exhausted his administrative remedies prior to filing suit, a prisoner should attach to his complaint a copy of any decision demonstrating the administrative disposition of his claims. *See Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Wyatt*, 193 F.2d at 878; *Brown*, 139 F.3d at 1104. However, where no documentation is provided, absent particularized averments regarding the nature of the administrative proceedings and their outcome, the action must be dismissed under § 1997(e). *Knuckles El*, 215 F.3d at 642.

The plaintiff has attached a copy of a grievance pertaining to his medical care claim.

4

(Complaint, Attach. Griev., dtd. Aug. 1, 2005) It appears from the documentation provided that the plaintiff pursued this grievance through one complete round of the grievance process – but only as to Sheriff Barnes. The plaintiff makes no mention of the other defendants in this grievance. A second grievance pertaining to this same claim, dated August 26, 2005, also does not mention the other defendants. Because the plaintiff did not exhaust this claim as to all defendants, he does not appear to have exhausted his administrative remedies with respect to this claim. *See Burton*, 321 F.3d at 569; *Curry*, 249 F.3d at 493; *Thomas*, 337 F.3d at 733.

As to his claim that he allegedly was denied psychiatric care, the plaintiff has provided a copy of a grievance signed and dated by him on August 29, 2005. (Complaint, Attach. Griev., dtd. Aug. 29, 2005) In the complaint, however, the plaintiff asserts that he did not receive a response to this grievance. (Complaint, ¶ IV, cont. p. 2 of 2) The plaintiff provides no information regarding what steps he took, if any, to raise this claim to the next level of review when he did not receive a response.[3] Under *Hartsfield*, *supra* at p. 4, when the plaintiff did not receive a reply to this grievance, he was required to raise it to the next level of review.

The court is aware that, in *Boyd v. Corrections Corporation of America*, 380 F.3d 989 (6th Cir. 2004), the Sixth Circuit held that "administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance." *Id.* at p. 998. However, in *Hartsfield*, the Sixth Circuit held that a prisoner is "required to continue to the next step in the grievance process within the time frame set forth in the regulations if no response is received from prison officials . . . ." *Id.* at p. 309. In other words, under *Hartsfield*, which predated *Boyd* by five years and a multitude of Sixth Circuit decisions interpreting and relying upon *Hartsfield*, an inmate cannot simply abandon

---

[3] Ample evidence is provided in the copy of the grievance dated August 1, 2005 that the Houston County Jail grievance procedure has a formal appellate review process. Specifically, there is a section on the grievance form itself that indicates that an appeal is available, and the disposition on appeal of this particular grievance, signed by Sheriff Barnes, shows that the appellate process is used.

5

the process before completion and then claim that he has exhausted his administrative remedies. *Id.*

It is a well-established principle that one "'panel of th[e] Court cannot overrule the decision of another panel.'" *Castro v. United States*, 310 F.3d 900, 902 (6th Cir. 2002)(citing *Salmi v. Sec'y of Health & Human Serv's.*, 774 F.2d 685, 689 (6th Cir. 1985). Therefore, to the extent that *Boyd* appears to overrule *Hartsfield* on this issue, it cannot. This court concludes, therefore, that *Hartsfield* still controls, and that even if the plaintiff did not receive a response to his grievances, he failed to exhaust his administrative remedies because he did not raise the issue to the next level of review.

In addition to not pursuing his grievance pertaining to psychiatric care through one complete round of the process, the plaintiff once again does not identify all of the defendants in his grievance. Therefore, under *Burton*, *Curry*, and *Thomas*, *supra* at p. 4, it appears that the plaintiff failed to exhaust his psychiatric care claim for this reason as well.

Finally, with respect to his third claim, the petitioner has not provided any documentation showing that he filed a grievance regarding his allegations that the defendants denied him access to the grievance procedure. Neither does the plaintiff assert with specificity, or otherwise, the nature of any administrative proceedings that he may have pursued regarding this issue or the ultimate disposition of those proceedings. As with any claim, the plaintiff was required under the PLRA to exhaust his administrative remedies regarding this claim prior to raising it in district court.

As reasoned above, the plaintiff has failed to show that he exhausted his administrative remedies prior to bringing this action in district court.

In an apparent effort to excuse his failure to exhaust, the petitioner asserts in his complaint and attached documents that the defendants interfered with his access to the Houston County Jail grievance procedure. However, nothing in the record before the court supports the conclusion that such was the case. On the contrary, it is clear from the copy of the grievance filed on August 1,

6

2005 that the plaintiff was, in fact, permitted to pursue his medical care grievance through one complete round of the administrative process, a process that included an appeal to Sheriff Barnes.

As to his psychiatric care claim, it appears from the record that the plaintiff simply abandoned the process when he did not receive a reply which, as previously established, he may not do. In an apparently related allegation, the plaintiff alleges that Sheriff Barnes would not permit him to file a second grievance while one was pending. In support of this allegation, the plaintiff has attached a note to his complaint that reads: "Inmates only get one grievance form at a time. Once that grievance is resolved then they can get another form. per 201, 224." (Attach. Note dtd. Aug. 17, 2005, signed by Nathan Anderson) According to the plaintiff, this restriction rendered the grievance procedure unavailable. (Complaint, ¶ IV, p. 5; Attach. Memo., p. 1 of 2)

The reference to "per 201, 224" above casts Sheriff Barnes' position in terms of a decision made in accordance with published policy pertaining to grievances rather than any arbitrary decision on his part to single out the plaintiff for disparate treatment. Moreover, this policy, similar to the one used by the Tennessee Department of Correction (TDOC) to prevent abuse of the system, see *TDOC Administrative Polices and Procedures*, Inmate Grievance Procedures, § VI.H.2, p. 5 of 9 (May 1, 2004), does not render the grievance procedure unavailable or amount to interference with the plaintiff's access to the grievance procedure. Moreover, there is nothing in the record that would support even the slightest inference that the plaintiff would not have been permitted to pursue his psychiatric care grievance once his pending grievance had been resolved.

Finally, the plaintiff alleges that at least one of his grievances was "lost." (Complaint, ¶ IV, cont. p. 1 of 2) However, the plaintiff does not allege, nor can it be inferred from the complaint or any of the attached documents, that the alleged loss of his grievance(s) amounted to conduct intended to deny the plaintiff access to the grievance procedure.

As explained above, the plaintiff has not established that he was prevented from exhausting

7

Case 3:05-cv-00819 Document 6 Filed 10/17/05 Page 7 of 15 PageID #: 45

his administrative remedies. Consequently, the court concludes that there are no grounds to excuse the plaintiff's failure for not having done so.

Finally, this analysis would be incomplete without addressing the fact that the plaintiff is no longer incarcerated in the Houston County Jail. Although it is questionable whether the plaintiff will be able to exhaust his administrative remedies with respect to these claim, the law is well established there are no futility or other exceptions to the exhaustion requirement under the PLRA. *Booth*, 532 U.S. at 741 n. 6 ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise . . . ."); *Cox*, 332 F.3d at 427 (exhaustion requirement applies to a former prisoner who filed his complaint without exhausting his administrative, but has since been released from custody). In other words, even though the plaintiff is no longer a prisoner in the Houston County Jail, because his complaint is subject to the PLRA, he still is required to exhaust his administrative remedies. *Id.*

Because a "prisoner may not exhaust administrative remedies during the pendency of the federal suit," *Freeman*, 196 F.3d at 645, and because under the PLRA "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *Baxter v. Rose*, 305 F.3d 486, 488-490 (6th Cir. 2002); *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), the plaintiff's complaint normally would be dismissed without prejudice for failure to exhaust his administrative remedies. However, where, as here, a complaint satisfies the provisions of 42 U.S.C. § 1915(e)(2), it may be dismissed on the merits without requiring exhaustion if the claim is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* 42 U.S.C. § 1997e(c)(2); *Brown*, 139 F.3d at 1103-04.

## Plaintiff's Claims Under 42 U.S.C. § 1983

To state a claim under § 1983, the plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was

8

caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both elements of this two-part test must be met to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Under the Prison Litigation Reform Act (PLRA), the Court is required to dismiss a prisoner-plaintiff's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law or fact if it contains factual allegations that are fantastic or delusional, or if it is based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although *pro se* complaints are to be construed liberally by the courts, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore*, 114 F.3d at 612.

### Defendants Stan, Rick, and Wanda Smith

It can be determined from one of the grievances attached to the complaint that Stan Smith is the Chief Corrections Officer at the Houston County Jail. (Complaint, Attach. Griev.,dtd. Aug. 1, 2005, Attach. End. dtd. Aug. 11, 2005) Based on the foregoing, the court concludes that Stan Smith was a state actor for purposes of § 1983.

Having satisfied the second half of the two-part test under *Parratt*, *supra* at p. 9 as to Stan Smith, it only remains for the plaintiff to satisfy the other half of that test, *i.e.*, to allege and show that Stan Smith violated his rights under the Constitution or laws of the United States. However,

apart from the fact that Stan Smith endorsed the plaintiff's medical care grievance, the plaintiff does not mention him anywhere in the statement of facts, or in any of the other documents submitted in support of his complaint. Because the plaintiff has not alleged and shown that Stan Smith violated his rights under the Constitution or laws of the United States, he fails to satisfy the first half of the two-part test under *Parratt*.

The plaintiff provides no information whatsoever regarding Rick and Wanda Smith. Therefore, it cannot be determined whether Rick and Wanda Smith were state actors for purposes of § 1983. The plaintiff also does not mention Rick and Wanda Smith anywhere in his complaint or documents attached thereto. Therefore, he fails to allege and show that they violated his rights under the Constitution or laws of the United States. For these reasons, the plaintiff fails to establish either part of the two-part test under *Parratt* as to these two defendants.

As explained above, the plaintiff's claims against these three defendants lack an arguable basis in law or fact. Accordingly, they will be dismissed as frivolous.

## Sheriff Barnes

### Official Capacity Only Lawsuit

In the complaint adjacent to the question, "Named in official capacity?" there are two boxes, one labeled "Yes" and the other labeled "No." The plaintiff checked the box labeled, "Yes." (Complaint, ¶¶ III.B.1, p. 4) There are two similar boxes adjacent to the question, "Named in individual capacity?" (Complaint, ¶¶ III.B.1, p. 4) Both of these boxes are blank. From the foregoing, the court concludes that the plaintiff intended to sue Sheriff Barnes in his official capacity only.

In an official-capacity-only lawsuit, the real party in interest is the represented governmental entity. *See Hafer v. Mels,* 502 U.S. 21, 25-26 (1991). Since the plaintiff is, in essence, suing Houston County, he must claim that the alleged violations of his constitutional rights stemmed from

10

a county policy, regulation, decision, custom, or the tolerance of a custom of such violations. Otherwise, a § 1983 claim will not lie. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Monell v. New York City Department of Soc. Serv's*, 436 U.S. 658, 690-91 (1978); *Doe v. Claiborne County, Tenn.*, 103 F.3d 495, 507-09 (6th Cir. 1996). Plaintiff neither alleges nor implies that any such county policy, regulation, decision, custom, or tolerance of a custom of such violations was responsible for the alleged violations of his constitutional rights. Consequently, Sheriff Barnes has no liability under § 1983 in his official capacity.

As reasoned above, this claim lacks an arguable basis in law or fact. Therefore, it is subject to being dismissed as frivolous on these grounds. Taking into consideration that the plaintiff is not a trained attorney, and that he may not have understood the significance of an official-capacity-only lawsuit, as shown below, the result is the same even if his claims are considered on the merits.

### Conclusory Claims

Although the plaintiff asserts repeatedly in the body of the complaint, the attached continuation pages, and other attached documents that Sheriff Barnes prevented him from receiving medical and psychiatric treatment, he provides no factual allegations in support of those claims. Rather, the plaintiff merely makes general allegations such as: "My treatment was denied by the Houston County Sheriff, Kenny Barnes due to expenses," "my medical treatment was again denied by the Houston County Sheriff, Kenny Barnes," "[t]his was denied by the Sheriff, Kenny Barnes," etc. (Complaint, ¶ IV, p. 5 & cont. pp. 1 of 2 & 2 of 2; Attach. "Memo.," p. 1 of 2) The plaintiff makes these same kind of general allegations with respect to his claim that Sheriff Barnes interfered with his access to the grievance procedure. (Complaint, ¶ IV, p. 5; Attach. Memo, p. 1 of 2)

Although *pro se* complaints are held to less stringent standards than complaints prepared by an attorney, *see Boag*, 454 U.S. at 365, the courts are not willing to abrogate basic pleading essentials in *pro se* suits, *see Wells v. Brown*, 891 F.2d 592, 594 (6th Cir. 1990). More than bare

11

assertions of legal conclusions or personal opinions are required to satisfy federal notice pleading requirements. *Id.* Specifically, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). The less stringent standard for *pro se* plaintiffs does not compel the courts to conjure up unpled facts to support conclusory allegations. *Wells*, 891 F.2d at 594 (citing *Merritt v. Faulkner*, 697 F.2d 761 (7th Cir. 1983)). Conclusory pleadings are insufficient and will be dismissed. *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985); *Place v. Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971). Because the plaintiff fails to support his claims against Sheriff Barnes with factual allegations, his claims are conclusory.

Because the plaintiff's claims against Sheriff Barnes are conclusory, they lack an arguable basis in law or fact. Therefore, they are subject to being dismissed as frivolous on these grounds.

*Plaintiff's First Amendment Claim*

The plaintiff asserts that Sheriff Barnes prevented him from having access to the grievance procedure. Although prisoners have a First Amendment right to file grievances, *see Noble v. Schmitt*, 87 F.3d 157, 162 (6th Cir. 1996), state law does not create a liberty interest in the grievance procedure, *Ilim v. Wakinekona*, 461 U.S. 238, 249 (1983). In other words, the plaintiff cannot premise a § 1983 claim on allegations that a jail's grievance procedure was inadequate and/or unresponsive because there is no inherent constitutional right to an adequate and/or responsive grievance procedure in the first place. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983)(overruled in part on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995)); *Antonelli v. Shehan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 430 F.3d 72, 75 (4th Cir. 1994); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991). Moreover, as previously discussed, *supra* at pp. 5-8, the facts alleged do not support the conclusion that Sheriff Barnes interfered with the plaintiff's access to the grievance procedure.

As shown above, the plaintiff's First Amendment claim against Sheriff Barnes lacks an

12

arguable basis in law or fact. Accordingly, it is subject to being dismissed as frivolous.

*Plaintiff's Eighth Amendment Claims*

The plaintiff alleges that Sheriff Barnes violated his rights under the Eighth Amendment by not permitting him to receive treatment at a Clarksville pain clinic for injuries that he received in a fall more than a year before or to receive psychiatric treatment for alleged preexisting psychological problems. To establish a violation of his constitutional rights resulting from a denial of adequate medical care, the plaintiff must show that Sheriff Barnes was deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir. 1994). "Deliberate indifference" is the reckless disregard of a substantial risk of serious harm; mere negligence, or even gross negligence, will not suffice. *Farmer v. Brennan*, 511 U.S. 825, 835-36 (1994); *Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999)(*en banc*); *Westlake v. Lucas*, 537 F.2d 857, 860-61 n. 5 (6th Cir. 1976); *see also Estelle*, 429 U.S. at 105-06. The Eighth Amendment requirement of adequate medical care for a prisoner applies equally to psychiatric care. *See Torraco v. Maloney*, 923 F.2d 231, 234 (1st Cir.1991); *Bowring v. Godwin*, 551 F.2d 44, 47 (4th Cir.1977)

An Eighth Amendment claim of denial of medical care claim has both an objective and subjective component. The objective component requires that the plaintiff's medical needs were sufficiently serious. *See Rhodes v. Chapman*, 452 U.S. 337 (1981); *Hunt v. Reynolds*, 974 F.2d 734, 735 (6th Cir. 1992). The subjective component requires that Sheriff Barnes was deliberately indifferent to the plaintiff's medical needs. *See Wilson v. Seiter*, 501 U.S. 294 (1991); *Hunt*, 974 F.2d at 735. Where a prisoner has received some medical attention, but disputes the adequacy of that treatment, the federal courts are reluctant to second-guess the medical judgments of prison officials and constitutionalize claims which sound in state tort law. *Westlake*, 537 F.2d at 860 n. 5.

To set forth a viable claim for the denial of medical care, the plaintiff also must argue that his

13

health suffered as a consequence of such alleged denial. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 401 (6th Cir. 1999). As previously noted above, these considerations apply equally to claims that pertain to psychiatric care.

As to the plaintiff's medical care claim, the plaintiff asserts that he had "been treated for [his condition] at Hillcrest clinic . . . on and off for well over a year." (Complaint, ¶ IV, p. 5) In his response to the plaintiff's first grievance, the Chief Corrections Officer, Stan Smith, wrote, "According to our records you have been to Doctor Appointments 5 times." (Complaint, Attach. Griev., dtd. Aug. 1, 2005, Attach. End. dtd. Aug. 11, 2005) The plaintiff does not dispute Stan Smith's assertion as to the number of times that he received medical care for his injuries. Therefore, the court concludes that the plaintiff received medical care for his alleged physical injuries during the period of his incarceration in the Houston County Jail. As previously noted, where a prisoner-plaintiff receives some medical care, but disputes the adequacy of that treatment, the district court will not second-guess the judgment of prison or jail officials. Moreover, nowhere in the complaint does the plaintiff assert that his health suffered as a consequence of Sheriff Barnes' alleged decision not to permit him to go to the pain clinic in Clarksville – only that he was not permitted to go. For these reasons, the plaintiff's medical care claim does not rise to the level of an Eighth Amendment violation. Because the plaintiff's claims pertaining to the alleged denial of medical care lack an arguable basis in law or fact, that claim is subject to dismissal as frivolous.

As to the plaintiff's claim regarding Sheriff Bernard's alleged refusal to permit him to see a psychiatrist, the petitioner does not allege that his psychological conditioned worsened because of Sheriff Bernard's alleged action, nor does the plaintiff allege that he injured himself in the manner that he describes because Sheriff Barnes would not permit him to see a psychiatrist. On the contrary, the plaintiff alleges only that psychiatric care was not provided. For these reasons, the plaintiff's psychiatric care claim also does not constitute a violation of his rights under the Eighth Amendment.

Because the plaintiff's claims regarding the alleged denial of psychiatric care lack an arguable basis in law or fact, it too is subject to dismissal frivolous.

For all of the reasons provided above, the plaintiff's claims against Sheriff Barnes lack an arguable basis in law or fact. Accordingly, they will be dismissed as frivolous.

An appropriate Order will enter.

Aleta A. Trauger
United States District Judge

15